In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00382-CV

_____


IN RE FLOWCRETE NORTH AMERICA, INC.

_____

Original Proceeding
410th District Court of Montgomery County, Texas
Trial Cause No. 15-02-01093-CV

_____

**MEMORANDUM OPINION**

This mandamus proceeding concerns the protection of trade secrets in discovery in civil litigation. The relator, Flowcrete North America, Inc. ("Flowcrete"), contends that the trial court abused its discretion by (1) consolidating two cases for discovery, (2) allowing a competitor's chief executive officer to act as an expert witness in the case, and (3) refusing to protect Flowcrete's trade secrets by further limiting the persons with access to certain discovery materials and permitting re-designation of trade secret information in

light of the trial court's rulings on shared discovery and Flowcrete's objection to the expert witness. We conditionally grant relief.

The scope of discovery is largely within the trial court's discretion, but mandamus will issue if a trial court improperly orders the disclosure of trade secrets. *See In re Union Pac. R.R. Co.*, 294 S.W.3d 589, 593 (Tex. 2009). The Texas Uniform Trade Secrets Act ("TUTSA") requires that courts preserve the secrecy of an alleged trade secret by reasonable means. Tex. Civ. Prac. & Rem. Code Ann. § 134A.006 (West Supp. 2016). TUTSA's presumption in favor of granting protective orders to preserve secrecy of trade secrets authorizes limiting access to confidential information to only attorneys and their experts and ordering nondisclosure without prior court approval. *Id.* When considering a party's pre-trial request for protection of alleged trade secrets, the trial court need not determine that the information is, in fact, a trade secret, but must determine whether the information is entitled to trade-secret protection until the trial on the merits. *In re M-I L.L.C.*, No. 14-1045, 2016 WL 2981342, at *4, n.3 (Tex. May 20, 2016) (orig. proceeding).

In February 2015, Flowcrete sued its former president, Anthony Crowell, three former employees, David Keller, Sheryl Kunning, and Ann Delve, and their newly-formed company, Verdia, Inc. (collectively, the "Verdia parties"). Flowcrete

2

alleged that the Verdia parties misappropriated Flowcrete's trade secrets for its polyurethane concrete flooring system, which has a stable emulsion and can be shipped in bulk. Additionally, Flowcrete alleged that the individual defendants breached their contractual duties not to disclose any of Flowcrete's confidential information. In March 2016, a Flowcrete competitor, Ulfcar Production ApS ("Ulfcar"), filed a petition in intervention and third-party petition alleging that Flowcrete, entities affiliated with Flowcrete, and two individuals employed by those entities misappropriated Ulfcar's confidential and proprietary polyol formula, which Ulfcar alleged Flowcrete used to create its product. Ulfcar alleged it licensed the exclusive right to use its polyol formula in the United States to Verdia.

The trial court severed Ulfcar's claims into a separate case, but ordered shared discovery for the two cases. Flowcrete requested that the protective order previously signed by the trial court be amended to account for the fact that Flowcrete's competitor was directly participating in the discovery process. The trial court denied Flowcrete's motion but ordered the parties to return to the mediator and agree on any additional language "including language to allow for appropriate protections through case specific marking/designations of documents and to clarify definitions and terms including independent experts and consultants and designated party representatives."

At this stage of the proceedings, Flowcrete seeks protection from discovery from a direct product competitor of the formulas and production methods that Flowcrete alleges (a) derive independent economic value from not being readily known to or ascertainable through proper means by others who can obtain economic value from its disclosure or use; and, (b) is the subject of reasonable efforts to maintain its secrecy. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134A.002(6). The trial court has not found that Flowcrete is seeking protection of information that is, in fact, owned by Ulfcar. Whether Flowcrete owns the information is a disputed fact issue to be resolved in the trial court, but at this stage of the proceedings, it is undisputed that the information is proprietary and confidential, and is a trade secret that is claimed by Flowcrete.

The Verdia parties argue that the substantial overlap between the Ulfcar and Flowcrete suits justifies combining the discovery in the two cases. Flowcrete's suit, in part, seeks to enjoin the Verdia parties' misappropriation of Flowcrete's "non-public formulas, mixing instructions, prices, pricing policies, customer lists and identities, the preferences and needs of such customers, material and product specifications, contractual relations, sales and marketing strategies, business practices, and training know-how" developed from 2009 through 2013. Ulfcar's petition alleges that an entity related to Flowcrete illicitly obtained Ulfcar's polyol

4

formula from Ulfcar's predecessor in interest in 2008, and Flowcrete's polyol formulation and production methods changed dramatically between 2009 and 2011. Therefore, it is undisputed that through their employment with Flowcrete, the Verdia parties have already obtained the information that Flowcrete developed after 2008 and that Ulfcar does not possess that information. Sharing discovery in the two cases would result in Flowcrete surrendering its trade secrets to Ulfcar before Ulfcar established its right to possess the information. We conclude that the trial court's order consolidating the Flowcrete and Ulfcar suits for purposes of discovery fails to preserve the secrecy of Flowcrete's alleged trade secret by reasonable means. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134A.006.

Flowcrete complains that due to his designation as an independent expert, the existing protective order permits Ulfcar's CEO, Neils Vangsted, to review all of the competitive commercial information, confidential material, and trade secrets that Flowcrete produces to the Verdia parties. The Verdia parties designated Vangsted as a non-retained expert and fact witness. Flowcrete moved to strike the designation, arguing that Vangsted is fully interested in the outcome of the litigation between Flowcrete and the Verdia parties by virtue of the exclusive licensing agreement between Ulfcar and Verdia. The trial court denied the motion to strike. Flowcrete moved for protection of its alleged trade secrets from

disclosure to its competitor's CEO. The trial court denied the motion but ordered the parties to return to the mediator and agree on additional protective language for the existing protective order "through case specific marking/designations of documents and to clarify definitions and terms including independent experts and consultants and designated party representatives."

Flowcrete argues that TUTSA requires the trial court to preserve the secrecy of an alleged trade secret through reasonable means. *See id.* The Verdia parties claim that Vangsted is a "Counsel-Designated Representative" not an "independent expert" and argue that Flowcrete can prevent Vangsted from viewing proprietary information by designating it for "Attorneys['] Eyes Only[.]" We agree with Flowcrete. The protective order states that a qualified person for "Attorneys Only" information includes "actual or potential independent experts[.]" The trial court's protective order failed to preserve the secrecy of Flowcrete's alleged trade secrets by reasonable means. *See id.*

We agree with Flowcrete that the trial court's mediation order does not protect Flowcrete's alleged trade secrets, but this order was an incidental ruling that does not merit mandamus review in light of the trial court's decision to stay discovery pending mandamus review and our ruling that the trial court must protect Flowcrete's alleged trade secrets pending trial on the merits or a

determination that Flowcrete is not entitled to trade secret protection. *See id.* We are confident that the trial court will amend its orders to remove the provision allowing shared discovery and that the trial court will protect the alleged trade secret information from disclosure to the relator's competitor before the ownership of the information has been determined. The writ shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on October 27, 2016
Opinion Delivered December 8, 2016

Before Kreger, Horton, and Johnson, JJ.

7